IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                       CASE NO. 4:23-CR-00235-BSM

ANTONIO DOZIER                                              DEFENDANT

### ORDER

Antonio Dozier's motions to suppress [Doc. No. 47] and to appoint new counsel [Doc. No. 48] are denied.

A.      Motion to Suppress

Little Rock police officers received what they characterized as a "Suspicious Person Call for Service" and reported to an address where help was requested.  Mot. Suppress 1, Doc. No. 47; Resp. Opp'n Mot. Suppress 1, Doc. No. 49; *see generally* 911 Audio, Ex. 2, Doc. No. 50.  Upon arrival, they talked to Dozier's wife, Carmen Dozier, who said Dozier did not live at that address.  Mot. Suppress 1; Resp. Opp'n Mot. Suppress 1; Body-Worn Camera Footage 5:15–5:30, Ex. 3, Doc. No. 50.  The officers approached Dozier while he was seated alone in his car, which was parked in the driveway.  Mot. Suppress 1; Resp. Opp'n Mot. Suppress 1.  They advised Dozier that he was trespassing and asked him to leave. Mot. Suppress 1; Resp. Opp'n Mot. Suppress 1.  Dozier refused, instead arguing that he was "on the lease."  Mot. Suppress 1; Resp. Opp'n Mot. Suppress 1; *see, e.g.*, Body-Worn Camera Footage 6:18–6:19 ("I'm on the fucking lease.").  Dozier was in fact on the lease; however, the officers did not believe him.  Lease, Doc. No. 47-1 (listing Antonio Dozier as

a resident and bearing his signature); Body-Worn Camera Footage 6:25–6:28 (OFFICER 1: "Yeah, he not on the lease."); *id.* 19:36–19:40 (OFFICER 2: "He was trying to show me some e-mail, and I was like, he kept zooming in, and I'm like I don't know what . . ."). During their interaction with Dozier, the officers learned that he had an active warrantless search waiver. Mot. Suppress 2; Resp. Opp'n Mot. Suppress 2; Body-Worn Camera Footage 7:35–7:50; Warrantless Search Waiver, Doc. No. 49-1. Pursuant to this search waiver, police requested to search Dozier's car. Mot. Suppress 2; Resp. Opp'n Mot. Suppress 2; Body-Worn Camera Footage 8:10–8:15. Dozier did not comply with the officers' request, and a scuffle ensued that ended with Dozier being placed in handcuffs and in the back seat of the officers' vehicle. Mot. Suppress 2; Body-Worn Camera Footage 8:15–12:40. During the search of Dozier's car, the officers found and seized two firearms. Body-Worn Camera Footage 12:40–17:10; Indictment, Doc. No. 3.

Dozier's motion to suppress the firearms is denied. Dozier argues that the firearms were recovered as "fruit of the poisonous tree" because the officers had no right to search his vehicle because he was not trespassing. Mot. Suppress 3 (citing *Wong Sun v. United States*, 371 U.S. 471 (1963)). This argument is half right.

Dozier is correct that the officers had no right to tell him to leave his home once he identified himself as a tenant. If this were the case, all of us could be ordered from our homes simply because someone else at the home asks the police to remove us. And the government's argument that the officers were mistaken is unpersuasive because the record indicates that the officers arbitrarily accepted Ms. Dozier's position that Dozier did not live

at the premises and made no attempt to determine whether he was telling the truth when he said he was on the lease. Although the record indicates that the officers were informed that Dozier had a history of abusing Ms. Dozier and that precipitated her recent move to that address, the parties did not brief this issue, so it is not addressed herein. And, if that were the dispositive issue, a hearing would have to be conducted to determine the facts.

The problem with Dozier's motion is that he had a search waver on file and therefore the search of his vehicle was reasonable under the circumstances. Dozier's search waiver authorizes "any certified law enforcement officer [to] conduct a warrantless search of [the parolee's] person, place of residence or motor vehicle at any time, day, or night . . . ." Warrantless Search Waiver. The waiver also provides that Dozier understands "that a warrantless search based on this waiver must be conducted in a reasonable manner but does not need to be based on a clearly expressed suspicion that" Dozier is "committing or [has] committed a criminal offense." *Id.* Once the officers learned of the search waiver, they were permitted to search Dozier's car. Moreover, Dozier was not arrested for trespassing. He was arrested for refusing to permit the search of his car. Consequently, the guns were not recovered as a result of an unlawful search, but were recovered as a result of the lawful execution of the search waiver.

Dozier's motion to suppress is therefore denied, and a hearing is not necessary because the record does not present a contested factual issue requiring an evidentiary hearing. *See United States v. Foster*, 15 F.4th 874, 876 (8th Cir. 2021).

B.      Motion to Appoint New Counsel

Dozier's pro se motion to appoint new counsel is denied for the reasons his last pro

se motion was denied.  *See* Doc. No. 45.  There is still time for Dozier and his lawyer to

confer on their trial strategy before trial on August 19.  Also, with regard to Dozier's request

for discovery and disclosure, defense counsel is ordered to show Dozier the three exhibits

attached to the government's response in opposition to the suppression motion, so that he can

examine some of the evidence that may be presented against him at trial.

IT IS SO ORDERED this 9th day of August, 2024.


_____
UNITED STATES DISTRICT JUDGE